UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lametra Phillips, | Civ. No. 19-2807 (WMW/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hennepin County Human Services Children Services,[1] | |
| Defendant. | |

---

Lametra Phillips, P.O. Box 3484, Minneapolis, MN 55403, *pro se* Plaintiff.

Caroline Brunkow, Esq., Hennepin County Attorney's Office, counsel for Defendant.

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Plaintiff's motion to amend the Complaint to add Defendants (Doc. No. 10), and Plaintiff's motion to "change venue" to remove a state child protection case to federal court. (Doc. No. 13.) Defendant opposes Plaintiff's motions and has filed a motion to dismiss Plaintiff's Complaint in its entirety along with any claims against new Defendants asserted in an Amended Complaint (Doc. No. 16). Plaintiff filed a Response and documents in opposition to Defendant's motion to dismiss (Doc. Nos. 25, 26), and Defendant has filed a Reply. (Doc. No. 27.) For the reasons stated below, this court recommends that Defendant's motion to dismiss be granted and

---

[1] Defendant states that its correct name is the Hennepin County Human Services and Public Health Department. For purposes of this Report and Recommendation, this Court refers to the Defendant as "Defendant."

Plaintiff's motions be denied.

I.   **Background**[2]

On October 30, 2019, Plaintiff filed a Complaint[3] alleging that Defendant violated

---

[2]   The background consists of information from Plaintiff's Complaint and accompanying documents, as well as exhibits provided by Defendant. A court may consider extraneous materials that are outside the complaint when considering a motion to dismiss if such materials are matters of public record or if they are "necessarily embraced" by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Piper Jaffray Cos. v. Nat'l Union Fire Insur. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (stating that materials that are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference); *E.E.O.C. v. Am. Home Prod. Corp.*, 199 F.R.D. 620, 627 (N.D. Iowa 2001) (stating that materials that are public record may be considered in deciding a motion to dismiss) (citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). Plaintiff has filed various documents and exhibits along with her Complaint. (*See* Doc. Nos. 3, 5, 6, 11.) This Court considers those documents necessarily embraced by Plaintiff's *pro se* Complaint. In addition, in support of the motion to dismiss, Defendant submitted the Declaration of Caroline Heicklen Brunkow with exhibits attached. (Doc. No. 19.) All of those exhibits are matters of public record, which are also properly considered on a motion to dismiss without converting the motion into one for summary judgment.

[3]   In October and November 2019, Plaintiff filed a total of six actions in federal court, including this one, all complaining about the underlying state court child-protection proceedings. The other five cases were all summarily dismissed as either legally frivolous or because the named defendant was immune. *See Phillips v. Sheehy*, 19-cv-2996 (SRN/DTS); *Phillips v. Price*, 19-cv-2786 (WMW/BRT); *Phillips v. Pfuehler*, 19-cv-2798 (WMW/BRT); *Phillips v. Hennepin County District Court Clerk of Courts*, 19-cv-2800 (WMW/BRT); *Phillips v. Hennepin County District Court Clerk of Courts*, 19-cv-2801 (WMW/BRT). In this action, Plaintiff appears to allege a deprivation of her civil rights under both 42 U.S.C. § 1983 and § 1985. (*See* Compl 3 ("This lawsuit is based off our civil rights as parents in Deprivation of Rights under the Color of Law 1983 – 1985 civil rights lawsuit and each agency that is caught violating our rights can be sued and they lose all immunity.").) Plaintiff has pleaded no facts that would support a § 1985 claim (which requires facts that show the existence of a conspiracy for the purpose of depriving, either directly or indirectly, and person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws), and therefore any such claim should be dismissed. To state a claim under § 1983, a plaintiff

(Footnote Continued on Next Page)

her Fourth and Fourteenth Amendment rights when it removed her son from her home pursuant to a state court Emergency Protective Order that was based on an underlying Juvenile Protection Petition. (Doc. No. 1, Compl.) Plaintiff claims that it was wrong for the Defendant to rely on information it received from Lorain County Children Services (in Ohio) for the Petition and therefore the warrant lacked probable cause, the warrant used to enter and remove the child was invalid because it had an incorrect apartment number on it, and the officers caused bodily harm to Plaintiff and her child when they entered her apartment. (*Id.*) In Plaintiff's Complaint, she requests "the amount of $520,000 dollars every week" that her son is not with her and her partner, for the pain and suffering she incurs.[4] (Compl. 4.)

On December 11, 2019, after being granted IFP status, but before Defendant was served with the Complaint, Plaintiff filed a motion to amend her Complaint to add Maria Pfuehler and Rachel Levine, Hennepin County Child Protection Services caseworkers, and Therese Price, an Assistant Hennepin County Attorney as named Defendants.[5] On

---

must allege "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). For the reasons further stated herein, Plaintiff's constitutional claims asserted under § 1983 must be dismissed as well.

[4]  In one of Plaintiff's supplements to her Complaint, she asserts "that she want[s] extra weigh in on $125,000 thousand dollars due to the pain and suffering and the loss of her pregnancy . . . ." (Doc. No. 5 at 2.)

[5]  At the time Plaintiff filed her motion, she could have amended her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15. Therefore, when this Court refers to Defendants plural in this Report and Recommendation, it is referring to
(Footnote Continued on Next Page)

3

January 9, 2020, Plaintiff filed another motion titled "Motion to Change Venue in Hennepin County Juvenile District Court," which from the content of that motion this Court interprets as a motion to remove the pending state court child protection proceedings to federal court. (Doc. No. 13.)

This action arises out of a Juvenile Protection Petition to Terminate Parental Rights (dated October 3, 2019) filed by the Department in *In the Matter of the Welfare of the Children of Lametra Sharque Phillips*, Court File No. 27-JV-19-4210, which sought to terminate the parental rights of Plaintiff and the presumed father, Mr. Ramos, and to place Plaintiff's eleven-month-old son under the guardianship of the Minnesota Commissioner of Human Services. (Doc. No. 19, Decl. of Caroline Heicklen Brunkow ("Brunkow Decl.") Ex. 1, 10/3/19 Petition.)[6] The Petition was based on information that the Department received on October 1, 2019, from Lorain County Child Services (in Ohio), indicating that it had sought removal of Plaintiff's other four children from her and Mr. Ramos's care, that the children had been adjudicated in need of protective

---

both the original named Defendant (the "Department") and the additional Defendants Plaintiff sought to add. As explained below, however, any claims asserted against the new individual Defendants must be dismissed because they are immune from suit, among other reasons. Defendant addressed the futility of these claims in its motion to dismiss. Because this Court agrees that the individual Defendants are immune from suit, this Court recommends granting Defendant's motion to dismiss with respect to any claims asserted against the new Defendants and denying Plaintiff's pending motion to amend as futile.

[6]     The Department filed an Amended Petition approximately a week later, which is substantially the same as the original Petition. (Doc. No. 19, Brunkow Decl., Ex. 4, 10/9/19 Petition.)

4

services in August 2017, that a termination of parental rights trial had just occurred in Ohio with respect to four of Plaintiff's children,[7] that Plaintiff and Mr. Ramos were now living in Minneapolis, Minnesota, and that Plaintiff had given birth to another child in October 2018. (*Id.* at 1–3.) The Department immediately opened a child protection investigation based on the information that it received, and it learned of "both parents' propensity for violence, significant untreated mental health, ongoing domestic violence, and lack of ability to provide for the basic needs of their children." (*Id.* at 3.) The Department also filed an Ex Parte Motion for Emergency Protective Care pursuant to Minn. R. Juv. P. 28.02 on October 3, 2019, which relied on the October 3, 2019 Petition for support. (Brunkow Decl., Ex. 3, 10/3/19 Motion.)

On October 7, 2019, Hennepin County District Judge Shereen Askalani granted the Department's Motion for Emergency Protective Care, finding that "the Petition support a prima facie showing that the child is in surroundings or conditions that endanger the child's health, safety or welfare," and ordered the child to be "taken into custody by a peace officer and/or the Department through its agents" and delivered to Shelter Intake at St. Joseph's Home for Children. (Brunkow Decl., Ex. 5, 10/7/19 Emergency Protective Care Findings and Order.) An emergency protective care hearing was then held that same day, and Hennepin County District Judge Kathleen Sheehy found that the underlying petition "makes a prima facie showing that the child's health, safety,

---

[7] The termination of parental rights trial with respect to four of Plaintiff's children occurred in Ohio on September 20 and October 1, 2019. (*Id.*) At the time the Lorain County Child Services shared information with Defendant, a decision had not yet been rendered. (*Id.*)

5

or welfare would be immediately endangered if the child was released to the care of a custodial parent or legal custodian" and issued an order for protective care and out-of-home placement. (Brunkow Decl., Ex. 6, 10/7/19 Order for Protective Care and Out-of-Home Placement.)

On October 10, 2019, Plaintiff filed an objection to the order, and on October 11, 2019, Plaintiff filed a motion for a hearing. (Brunkow Decl., Ex. 7, 10/10/19 Objection; Ex. 8, 10/11/19 Motion.) In both of those requests, Plaintiff argued, as she now does in this case filed in federal court, that reliance on information from Lorain County Child Services (in Ohio) was not enough to meet the Department's burden of proof and that her Fourth and Fourteenth Amendment rights were violated. (*Id.*) On October 17, 2019, Hennepin County District Court Judge Kathleen Sheehy denied both of those motions "because this Court already found a *prima facie* showing that a juvenile protection matter exists," and stated that "[t]he factual allegations of the petition may be challenged in a CHIPS trial." (Brunkow Decl., Ex. 9, 10/17/19 Order.)

In November 2019, orders issued suspending contact between Plaintiff and her son (and Mr. Ramos and his son), based on threatening and aggressive behavior by Plaintiff Mr. Ramos. (Brunkow Decl., Ex. 14, 11/4/19 Order; Ex. 15, 11/20/19 Order.) And on January 13, 2020, the state court issued an order denying Plaintiff's motion to dismiss and granting the Department's motion to relieve it of its statutory obligation to make reasonable efforts toward reunification of the child at issue with his parents. (Brunkow Decl., Ex. 17, 1/13/20 Order.) In doing so, the court explained,

> Minnesota law permits the Department to open a case based on another

6

>state court's order that involuntarily terminates parental rights with regard to other children, that the child need not be born in Hennepin County, and that no specific "incident" has to take place in Hennepin County if the parents were living here when the case opened . . . . [and] [i]t is presumed that a parent is palpably unfit to be a party to the parent and child relationship upon a showing that the parent's parental rights to one or more other children were involuntarily terminated under Minnesota statutes or a similar law of another jurisdiction.

(*Id.*) The court then scheduled trial on the underlying state court child-protection and parental termination proceeding for April 1, 2020.[8] (*Id.*)

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject-matter jurisdiction. A facial challenge to subject-matter jurisdiction argues that factual allegations made in a complaint—even if truthful—are insufficient to establish jurisdiction. *Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1073 (D. Minn. 2001). When analyzing a facial challenge to jurisdiction, the Court considers the pleadings alone. *Id.* By contrast, where a defendant mounts a "factual attack" on the plaintiff's complaint, the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards in the sense that the court may not presume the factual allegations in the plaintiff's complaint are true. *Osborn v. United States*, 918 F.2d 724, 730, n.6 (8th Cir. 1990). Plaintiff bears the burden of proving that jurisdiction exists. *Id.*

---

[8] The record in this matter does not reflect whether that trial occurred as scheduled, and if so, what the outcome was.

7

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012). But the Court need not give effect to those allegations that simply assert legal conclusions. *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### III.   Analysis

After review of Plaintiff's Complaint, this Court recommends that the claims be dismissed because the Court must abstain from considering the claims according to the *Younger* abstention doctrine. In addition, even if the *Younger* abstention doctrine did not apply, Plaintiff's claims are barred by the Domestic Relations Exception. Further, the individual named Defendants proposed in the Amended Complaint are immune from suit in federal court. And, to the extent Plaintiff is attempting to raise an assault claim based

on the physical contact allegedly made when officials entered her apartment to retrieve her son, that is a state law claim and the Court should decline jurisdiction.

### A. *Younger* Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, the Supreme Court has made clear that lower federal courts must decline to hear challenges to pending state actions involving important state interests. *See, e.g.*, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (finding dismissal appropriate in light of pending attorney disciplinary proceedings); *Moore v. Sims*, 442 U.S. 415, 435 (1979) (finding dismissal appropriate in light of pending child custody proceedings and stating "[f]amily relations are a traditional area of state concern"). The *Younger* doctrine applies when (1) there are ongoing state proceedings involving the same or related matters to the federal proceeding; (2) those proceedings involve important state interests; and (3) the federal court plaintiff has an adequate opportunity to raise questions of federal law in the state proceedings. *Middlesex County Ethics Comm.*, 457 U.S. at 432.

At the time this case was commenced and throughout the parties' briefing on the motions before the Court, there continued to be ongoing state proceedings relating to the child-protection and parental termination proceedings, with a trial scheduled for April 1, 2020. This Court is not aware that the state court has made an ultimate decision on the matter as of the date of this Report and Recommendation, and Plaintiff does not dispute that there is an ongoing state proceeding – in fact she seeks to have the underlying state

9

court proceedings removed to this court.[9] The issues raised in Plaintiff's federal Complaint attacking the underlying petition are the same issues that have been raised to the state-court, and it is clear from the relief Plaintiff seeks that she is requesting this Court to directly interfere with the ongoing state court proceeding. Plaintiff does not contest that family and parental rights are an important state interest. And Plaintiff does not argue that she would not be able to raise her constitutional claims in the child protection proceeding. "[J]uvenile courts in Minnesota may decide issues of federal constitutional law." *P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1229 (D. Minn. 2001) (citing *In re Welfare of E.D.J.*, 502 N.W.2d 779 (Minn. 1993) (holding Fourth Amendment suppression hearing as a juvenile court)).

Furthermore, there is no evidence that *Younger*'s limited exception for cases involving bad faith, harassment, or other unusual circumstances is applicable here. Although Plaintiff may believe the underlying petition is unsupported, and may disagree with the state court decisions thus far, "there is no evidence to suggest that the proceeding is so fundamentally biased or unfair as to rise to the level of *Younger*'s bad-faith exception and to warrant federal court interference." *Id.* "Younger's bad-faith exception is extraordinarily rare, and applies only in truly exceptional circumstances, such as where the state court is clearly incompetent to adjudicate the issues by reason of bias. *Id.* (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

---

[9]   Plaintiff's motion to have the state court child protection and parental termination proceedings removed to federal court should be denied. "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).

10

Therefore, the *Younger* abstention doctrine applies and requires that the Court dismiss Plaintiff's Fourth and Fourteenth Amendment claims relating to the child protection and termination-of-parental-rights proceedings. Plaintiff can raise (and already has raised) these claims in the ongoing child protection proceedings.[10]

## B.  Additional Grounds for Dismissal

Even if the *Younger* abstention doctrine did not apply, Plaintiff's claims against the Department, and any claims asserted in an Amended Complaint against the individual Defendants, should be dismissed.

### (i)  The Domestic Relations Exception

The Court also lacks federal subject-matter jurisdiction over this matter due to the domestic relations exception. The Supreme Court has held that the domestic relations exception "divests the federal courts of power to issue divorce, alimony, *and child custody decrees*." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (emphasis added). In discussing that holding, the Court noted that "sound policy considerations" counsel leaving such matters to state courts that are "eminently more suited to work of this type

---

[10]  This Court has not been apprised that the state proceedings Plaintiff challenges have concluded; the trial on the termination of Plaintiff's parental rights was scheduled for April 1, 2020, and it may be that either the juvenile court issued an order or soon will. But either way, because the state court did not issue any final judgment on the merits of the petition before the district court proceedings commenced, the *Rooker-Feldman* doctrine does not apply as Defendant suggests it might. *See Webb as next friend of K.S. v. Smith*, 936 F.3d 808, 816 (8th Cir. 2019) (stating that the *Rooker-Feldman* doctrine does not apply where a state court has not issued any final judgments on the merits); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments").

11

than are federal courts." *Id.* at 703–04.[11] "Even when brought under the guise of a federal question action, [which is the case here,] a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *see also Carpenter Jenkins v. Scotta*, No. 17-11781, 2019 WL 5680344, at *5 (E.D. Mich. Aug. 20, 2019) (concluding the court lacked subject-matter jurisdiction under the domestic relations exception when the complaint was "about the actions of state employee defendants in child custody and foster care proceedings"), *report and recommendation adopted*, No. 2:17-CV-11781, 2019 WL 4686474 (E.D. Mich. Sept. 26, 2019).

"Moreover, federal courts will also generally abstain from exercising jurisdiction over cases closely related to divorce, alimony, or child custody, even where the case does not fit squarely 'into the contours of an action for divorce, alimony, or child custody.'" *Johnson v. St. Louis Cty. Pub. Health & Human Servs.*, No. 19-CV-111 (SRN/LIB), 2019 WL 5677871, at *4–5 (D. Minn. Nov. 1, 2019) (finding the domestic relations exception applied when plaintiffs requested the state court judgment relating to child custody be vacated and their parental rights reinstated) (quoting *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994)). "To that end, federal courts are divested of jurisdiction when the federal

---

[11] The Supreme Court has further explained that state courts' "close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees" and "as a matter of judicial expertise . . . [their] special proficiency developed . . . over the past century and a half in handling issues that arise in the granting of such decrees" render them the ideal jurisdictional venue for such cases. *Id.* at 704 (citing *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982)).

12

proceeding is 'inextricably intertwined' with state domestic proceedings such that the requested federal remedy overlaps with the remedy at issue in the state court proceedings, which occurs when, 'in addressing the same conduct involved in a state domestic proceeding,' the remedy offered by a federal court would effectively modify, nullify, or predetermine the ruling in the state proceeding." *Id.* (quoting *Wallace v. Wallace*, 736 F.3d 764, 767 (8th Cir. 2013)).

Here, Plaintiff asks this Court for a punitive remedy in the form of a weekly monetary sanction for each week the Department complies with the state court order for protection that required the removal of Plaintiff's son from her home, seeks dismissal of the petition filed to terminate her parental rights, and therefore impliedly also seeks to have her son returned to her custody. Awarding damages for Plaintiff's claims would require the Court to apply Minnesota child protection and parental termination law, address the merits of the state court's determinations, and determine that the state court wrongly decided the issues before it, thereby effectively voiding the state court rulings. This makes Plaintiff's damages claims "inextricably intertwined" with the state court proceedings. "These considerations are what the domestic-relations exception was designed to prevent." *Stone v. Child Protection Servs.*, No. 4:16CV-69-JHM, 2016 WL 4821371, at *5 (W.D. Ky. Sept. 9, 2016) (citing *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015) ("[T]here are sound policy reasons to leave the issuance of divorce, alimony, and child-custody decrees to the state courts.")). Accordingly, the domestic relations exception applies in this case, and Plaintiff's claims are barred.

### (ii) Immunity

As noted above, Plaintiff filed a motion to amend her Complaint to add Maria Pfuehler and Rachel Levine, Hennepin County Child Protection Services caseworkers, and Therese Price, an Assistant Hennepin County Attorney, as named Defendants. Both prosecutors and county caseworkers are absolutely immune from liability against any claims for money damages arising out of their official duties. *See Abdouch v. Burger*, 426 F.3d 982, 989 (8th Cir. 2005) (holding that "the district court correctly applied absolute immunity to shield the [social worker] defendants from liability for initiating or maintaining judicial proceedings"); *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996) (finding a Department of Human Services employee's role "functionally comparable to that of a prosecutor" and "absolutely immune from liability for their participation in the *ex parte* proceedings in state court that led to the aware of temporary protective custody"); *P.G.*, 141 F. Supp. 2d at 1231 ("Prosecutors [including assistant county attorneys handling child protection proceedings under Minnesota state law] are absolutely immune from liability under § 1983 for their role in 'initiating a prosecution and in presenting the State's case.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Therefore, any claims asserted against them would be futile and should be dismissed.

### (iii) State Law Claim

In Plaintiff's Complaint, she references "bodily harm" from her "head being knocked off the wall" when the agents entered her apartment to retrieve her son. (Compl. 3.) To the extent Plaintiff is attempting to raise a state law claim for assault, battery, or

any other common law theory of relief, based on the alleged bodily harm she received, the Court should decline jurisdiction. The Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims. *See Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008) (concluding federal claims properly dismissed, and thus remanding to dismiss the state claim without prejudice so it could be considered by the state courts); *see also Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) (stating that a court may decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction); *Ivy v. Kimbrough*, 115 F.3d 550, 552–53 (8th Cir. 1997) ("In most cases, when . . . federal claims are dismissed . . . , the pendent state claims are dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

This Court assures Plaintiff that it has reviewed all of Plaintiff's submissions, exhibits, and arguments, and understands that Plaintiff's claims relate to issues of utmost importance. But, for all the above reasons, including the relevant caselaw, this Court recommends granting Defendant's motion to dismiss and dismissing Plaintiff's Complaint in its entirety.[12]

---

[12] Because this Court recommends dismissal of Plaintiff's Complaint for the reasons stated above, this Court does not address the remaining arguments made by Defendant for dismissal.

15

# RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. No. 16) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**;

2. Plaintiff's motion to amend the Complaint to add Defendants (Doc. No. 10) be **DENIED**; and

3. Plaintiff's motion to "change venue" to remove a state child protection case to federal court (Doc. No. 13) be **DENIED**.

Date: June 8, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen (14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).