UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lametra Phillips, | Case No. 19-cv-2807 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Hennepin County Human Services Children Services,[1] | |
| Defendant. | |

This matter is before the Court on the June 8, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 29.) The R&R recommends granting Defendant Hennepin County's motion to dismiss Plaintiff Lametra Phillips's complaint for lack of subject-matter jurisdiction, denying Phillips's motion to amend the complaint, and denying Phillips's motion to change venue. Phillips filed timely objections to the R&R. For the reasons addressed below, the Court overrules Phillips's objections, adopts the R&R, and dismisses this case without prejudice.

---

[1] In the complaint, Plaintiff refers to Defendant as "Hennepin County Human Services Children Services." Defendant asserts that its correct name is Hennepin County Human Services and Public Health Department. The Court will refer to Defendant as "Hennepin County" for the purpose of this Order.

## BACKGROUND[2]

In October 2019, Hennepin County opened a child-protection investigation based on information it received from Lorain County Child Services in Ohio (Lorain County). Specifically, Hennepin County learned that, in June 2017, Lorain County sought removal of Phillips's four children, who subsequently were adjudicated to be in need of protective services in August 2017.[3] Phillips later moved to Minneapolis and gave birth to another child, LXR, in October 2018. Based on the information it learned from its investigation, Hennepin County filed a petition in Minnesota state court on October 3, 2019, to terminate Phillips's parental rights as to LXR, which initiated the underlying juvenile-protection matter that gives rise to the present dispute. *See In the Matter of the Welfare of the Children of Lametra Sharque Phillips*, Court File No. 27-JV-19-4210. Hennepin County also filed an *ex parte* motion for emergency care.

On October 7, 2019, Hennepin County District Judge Shereen Askalani granted Hennepin County's *ex parte* motion for emergency protective care, finding that Hennepin County has made "a prima facie showing that the child is in surroundings or conditions that endanger the child's health, safety or welfare." Judge Askalani ordered the child to be "taken into custody by a peace officer and/or the Department through its agents" and

---

[2]  As the R&R provides a detailed factual and procedural history, the Court only briefly summarizes the background of this litigation.

[3]  When Hennepin County began its investigation, a final disposition in the Ohio proceedings had not yet occurred. Subsequently, in December 2019, the Ohio court involuntarily terminated Phillips's parental rights as to the four children who were the subjects of those proceedings.

2

delivered to Shelter Intake at St. Joseph's Home for Children.  At an emergency protective care hearing held the same day, Hennepin County District Judge Kathleen Sheehy found that the underlying petition made a "prima facie showing that the child's health, safety, or welfare would be immediately endangered if the child was released to the care of a custodial parent or legal custodian."  The court ordered protective care and out-of-home placement for the child.

On October 10, 2019, Phillips filed objections to Judge Askalani's order for protective care and out-of-home placement of the child and subsequently moved for a hearing in Hennepin County District Court.  Phillips argued that Hennepin County failed to meet its burden of proof and that Hennepin County's actions violated her Fourth and Fourteenth Amendment rights.  Hennepin County District Court Judge Kathleen Sheehy overruled Philips's objections and denied her motions, holding that the court "already found a *prima facie* showing that a juvenile protection matter exists," and that "[t]he factual allegations of the petition may be challenged in a CHIPS [Child in Need of Protection or Services] trial."

Hennepin County District Court suspended contact between Phillips and her son in November 2019.  On December 17, 2019, Hennepin County moved to be relieved of its obligation to make reasonable efforts to reunite LXR with his parents.  Shortly thereafter, Phillips filed a motion to dismiss in Hennepin County District Court.  In a January 13, 2020 order, Judge Kathleen Sheehy denied Phillips's motion to dismiss and granted Hennepin County's motion to be relieved of its obligation to make reasonable efforts to reunite LXR with his parents.

On October 30, 2019, Phillips commenced the instant lawsuit in this Court, alleging that Hennepin County violated her rights protected by the Fourth Amendment and Fourteenth Amendment of the United States Constitution when it removed her son from her home. Phillips alleges that Hennepin County violated her constitutional rights by relying on information from Lorain County as the basis for its petition. Because of this reliance, Phillips contends, the warrant used to enter her home and remove LXR lacked probable cause. Phillips also alleges that the warrant was invalid because it included an incorrect apartment number, and the officers caused bodily harm to Phillips and her child when the officers entered the apartment. Phillips seeks weekly payments in the amount of $520,000 to compensate her for the pain and suffering that she experienced during the period that she has been without her son.

Phillips moves to amend her complaint and to remove the pending child-protection proceedings from Hennepin County District Court to this Court. Hennepin County moves to dismiss Phillips's complaint. The R&R recommends denying Phillips's motions and granting Hennepin County's motion to dismiss. Phillips filed timely objections to the R&R.

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); LR 72.2(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Because Phillips is proceeding *pro se*, the Court

4

liberally construes her complaint and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Phillips does not assert a specific objection to any portion of the R&R, which recommends dismissal of Phillips's complaint for lack of subject-matter jurisdiction. At best, Phillips's objections restate the allegations in her complaint without providing any discernable reference, grounds, or objection to the R&R's analysis or recommendation. Nor do Phillips's objections challenge the applicability of the abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1997), or any other grounds on which the R&R relies.

In the absence of specific objections, *de novo* review is not required, and the Court reviews the R&R for clear error. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Having carefully reviewed the R&R and each of Phillips's objections, the Court concludes that the R&R is neither clearly erroneous nor contrary to law. Accordingly, the Court overrules Phillips's objections and adopts the R&R in its entirety.

### ORDER

Based on the R&R and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Lametra Phillips's objections to the June 8, 2020 R&R, (Dkt. 30), are **OVERRULED**.

2. The June 8, 2020 R&R, (Dkt. 29), is **ADOPTED**.

3. Defendant Hennepin County Human Services Children Services' motion to dismiss, (Dkt. 16), is **GRANTED**.

4. Plaintiff Lametra Phillips's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

5. Plaintiff Lametra Phillips's motion to amend the complaint, (Dkt. 10), is **DENIED**.

6. Plaintiff Lametra Phillips's motion to change venue, (Dkt. 13), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 14, 2020                                    s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge